IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

J. DOE,

        Plaintiff,

vs.                                            Civ. No. 25-578 LF/SCY

ALBUQUERQUE PUBLIC SCHOOLS, by and
through the ALBUQUERQUE PUBLIC SCHOOLS
BOARD OF EDUCATION, NOONDAY NEEDSE
also known as Scott Ian Neese, MARIA
BARRAZA-MARTINEZ, REBEKAH
FLORYANCE, M. ELIZABETH EVERITT,
LINDA SINK, KAREN RUDYS, and DEBI
HINES, and JOHN/JANE DOES 1, 2, and 3,

        Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. Plaintiff filed the present complaint in state court under the pseudonym "J. Doe." Doc. 1-1. Defendants removed this case to federal court on June 20, 2025. Doc. 1. Proceeding anonymously via fictitious names is not contemplated by the Federal Rules of Civil Procedure. *See Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) ("there is no legal right in parties to be allowed anonymity") (cleaned up). Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."

Nonetheless, the Tenth Circuit has recognized that there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk

that a plaintiff may suffer some embarrassment is not enough. *Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n,* 886 F.2d at 1245). If the court grants permission, the court often requires the plaintiff to disclose his or her real names to defendants and to the court, but otherwise to be kept under seal. *Id*. If the court does not grant permission, it may "lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id*.

IT IS THEREFORE ORDERED that Plaintiff must show cause in writing within 14 days of the date of this Order why her full name should not be fully disclosed in public filings with the court.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE